UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-13-2476 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN J. E. THOMAS, | : | |
| Respondent | : | |

FILED
SCRANTON
NOV 2 4 2014
PER _____ DEPUTY CLERK

## MEMORANDUM

Petitioner, Raymond Edward Chestnut, an inmate currently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Petitioner claims that his due process rights were violated during a disciplinary hearing. Specifically, on March 7, 2012, Petitioner was charged in Incident Report No. 2277220, with Failing to Stand for Count, a Code 320 violation. (Doc. 6-1 at 12, Inmate Discipline Data Chronological Disciplinary Record).

On March 15, 2012, Petitioner appeared before the Unit Discipline Committee ("UDC"), where he was sanctioned to thirty (30) days loss of telephone privileges. Id.

On September 30, 2013, Petitioner filed the instant petition for writ of habeas corpus in which he seeks have the March 7, 2012 misconduct expunged.

(Doc. 1, petition). The petition is ripe for disposition and, for the reasons that follow, will be dismissed.

**Discussion**

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Chestnut, however, fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that is protected by the Due Process Clause. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty

"imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In the instant action, Chestnut does not allege he lost any good-time credits. His Disciplinary Record confirms that he did not lose any good-time conduct. Rather, his disciplinary infraction resulted only in a temporary loss of telephone privileges, which does not implicate a protected liberty interest as it did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. See, e.g. Almahdi v. Bourque, 386 F. App'x 260 (3d Cir. 2010) (temporary loss of telephone privileges); Perry v. Lackawanna Cnty. Children & Youth Serv., 345 F. App'x 723, 726–27 (3d Cir. 2009) (temporary loss of visitation); Gray v. Holt, 2011 WL 4738118 (M.D. Pa. 2011); Santos v. Bureau of Prisons, 2006 WL 709509, *3 (M.D. Pa. 2006) (citing Sandin, 515 at 484). Accordingly, the outcome of the disciplinary hearings, which did not affect Chestnut's good time credits and thus have no impact on the fact or length of his sentence or confinement, cannot be challenged under § 2241. See Leamer, 288 F.3d at 540–42; Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172 (3d Cir. 2007).

A separate Order will be issued.

Dated: November 24, 2014

**United States District Judge**